IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY JON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-14-3018 |
| | § | |
| WILLIAM STEPHENS, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 17) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered the motion, the claims raised by Petitioner in his § 2254 Application for Writ of Habeas Corpus (Document No. 1) and Memorandum in Support (Document No. 2), the summary judgment evidence, including the audio recording of the disciplinary hearing, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 17) be GRANTED and that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE.

**I.     Introduction and Procedural History**

Roy Jon ("Jon") is currently incarcerated in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID"), as a result of a 1992 felony conviction for delivery of a controlled substance, in the Fifth Criminal District Court of Dallas County, Texas, cause no. J-9263805, for which he was sentenced to twenty-five years incarceration. Jon is not challenging the validity of that conviction, and therefore the procedural history associated with that conviction is not relevant to this proceeding.

In this proceeding, Jon is challenging the validity of a prison disciplinary proceeding, disciplinary case no. 20140331667, in which he was charged with and found guilty of possession of contraband, and for which he was assessed, as punishment for the disciplinary offense: 1) a loss of 15 days of good conduct time; and 2) 45 days of recreation and commissary restriction. Jon filed both a step one and a step two grievance, appealing the result of the disciplinary proceeding. The step one grievance, filed on July 25, 2014, was denied on July 25, 2014. The step two grievance, filed on August 4, 2014, was denied on August 11, 2014. This § 2254 proceeding, filed by Jon on or about November 14, 2014, the date the § 2254 application was purportedly signed by Jon, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 17), to which Jon has filed an "Objection" (Document No. 19) in response. This § 2254 proceeding is ripe for ruling.

## II.  Claims

Jon alleges in this proceeding that his due process rights were violated during and in relation to prison disciplinary proceeding no. 20140331667 because:

1. the disciplinary offense, possession of contraband, did not apply to his possession of food obtained from the prison cafeteria and, even if it did, the offense as described in TDCJ Code 16.0 is unconstitutionally vague;

2.     that there was constitutionally insufficient evidence to support the finding of guilt;

3.     that he was not given sufficient notice of the charged offense;

4.     he was not given sufficient notice of the evidence relied on by the hearing officer for the finding of guilt;

5.     that he was denied his due process right to have the charging officer present at the disciplinary hearing; and

6.     that the hearing officer was biased, failed to properly weigh and consider the evidence, and failed to ensure that the charging officer was present at the hearing.

Respondent argues in his Motion for Summary Judgment that Jon has not exhausted his state law remedies with respect to claims 4, 5 and 6 because he did not specifically include them in both his step one and step two grievances. In addition, Respondent argues that Jon received all the process he was due in connection with disciplinary case no. 20140331667, that the evidence supporting the guilty finding was sufficient, that he was given sufficient notice of the conduct which was claimed to violate TDCJ Code 16.0, and that TDCJ Code 16.0 properly and sufficiently covers the type of contraband at issue in disciplinary cause no. 20140331667.

### III.   Discussion – Exhaustion

Respondent first argues, in the Motion for Summary Judgment, that Jon has not exhausted his state law remedies with respect to claims 4, 5 and 6 because the same claims were not raised by Jon in both his step one and step two grievances.

Federal habeas corpus petitioners are required to exhaust their available state law remedies. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The exhaustion requirement exists whether the

3

petitioner is challenging his conviction or a prison disciplinary action. *See Foley v. Cockrell*, 222 F.Supp.2d 826, 828 (N.D. Tex. 2002); *see also Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980), *cert. denied*, 449 U.S. 1085 (1981). An inmate who challenges a prison disciplinary proceeding must exhaust his state law remedies by following "the two-step prison grievance process." *Foley*, 222 F.Supp.2d at 828. Under this process, an inmate must file a "step one" grievance within fifteen days of the occurrence made the basis of the grievance. Then, the inmate has fifteen days from the date the step one grievance is denied to file a step two grievance. Upon completion of the two step grievance process, an inmate who is challenging a prison disciplinary proceeding is considered to have exhausted his state law remedies. *See Ex Parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (declining to entertain claims related to a prison disciplinary proceeding in a state habeas corpus proceeding, and determining that such claims are to be resolved within the administrative framework provided by the Texas Department of Corrections).

Where an inmate has not raised his claims in both a step one and a step two grievance, the claims are unexhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (both steps of the grievance process must be completed). In addition, because only the only mechanism available for exhausting state law remedies vis-a-vis claims arising from a prison disciplinary proceeding is this two-step grievance process, an inmate's failure to avail himself of the process in a timely manner renders the unexhausted claims procedurally barred from review. *See generally Colemen v. Thompson*, 501 U.S. 722, 735 (1991); *see also e.g., Hunt v. Dretke*, 2005 WL 1613166 (N.D. Tex. 2005); *Spann v. Dretke*, 2005 WL 1406044 (N.D. Tex. 2005).

Here, the record shows that Jon complained in both his step one and his step two grievance

about the sufficiency of the notice provided to him about the charged offense, the sufficiency of the evidence supporting the finding of guilt, and the inapplicability of TDCJ Code 16.0 to his possession of food from the cafeteria (claims 1, 2 and 3, herein). He also complained, but in only his step two grievance, that he did not receive sufficient notice of the evidence supporting the hearing officer's finding of guilty (claim 4, herein). He did not complain, in either his step one or step two grievance, about the absence of the charging officer from the hearing (claim 5, herein) or the alleged bias of the hearing officer (part of claim 6, herein). He did complain in his step one and step two grievances, in the most general of terms, that the hearing officer "failed to meet evidentiary standards imposed by state and federal law," but he did not articulate or allege that the hearing officer failed to properly weigh and consider the evidence and failed to ensure that the charging officer was present at the disciplinary hearing (remainder of claim 6, herein).

Upon this record, Respondent is correct that Jon did not exhaust his state law remedies with respect to claims 4, 5 and 6, because those claims were not contained in both the step one and step two grievances he filed. In addition, Respondent is correct that those claims are now procedurally barred from review in this § 2254 proceeding. *See e.g., Turner v. Thaler*, Civil Action No. H-09-3562, 2010 WL 5188155 (S.D. Tex. 2010).

## IV. <u>Discussion – Merits</u>

In the context of a prison disciplinary proceeding, inmates are entitled to the following due process guarantees: (1) 24 hours written advance notice of the disciplinary charge(s); (2) a written statement of the factfinders as to the evidence relied on and the reason(s) for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense of the

charges. *Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974). In addition, federal due process requires that there be "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 456 (1985). Such due process guarantees, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 485-86 (1995). As a result, the due process requirements apply in the prison disciplinary context *only* when the punishment imposed affects the length of the inmate's sentence and/or represents an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

Here, because Jon lost 15 days of good conduct time in connection with disciplinary case no. 20140331667, the discipline imposed on Jon in connection with disciplinary case no. 20140331667 had an arguable effect on Jon's sentence, and Jon was entitled to the due process guarantees set forth in *Wolff*. *See Spicer v. Collins*, 9 F.Supp.2d 673, 685 (5th Cir. 1998); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Nevertheless, the summary judgment evidence shows that Jon was afforded the due process to which he was entitled under *Wolff*, that there was sufficient evidence to support the finding of guilt in disciplinary case no. 20140331667, and that the offense charged and the conduct supporting it was sufficiently encompassed in TDCJ Code 16.0.

The uncontroverted summary judgment evidence in the record is that Jon was given 24 hours written notice of the disciplinary charge, and was also given a timely, sufficiently detailed, written description of the conduct upon which the disciplinary charge was based. *See* Disciplinary Hearing

6

Records (Document No. 18-2 ) at 3 (date and time notified of offense: 7/18/2014, 1150; date and time of hearing: 7/21/14:0911; Offense Description: "On the date and time listed above [07/10/2014, 5:00 pm] and at E (Chow Hall), Offender: Jon, Roy, TDCJ-ID No. 00626840, did possess contraband, namely 2 hamburger steak patties in a small bag (brown coffee bag)). Second, the summary judgment evidence shows Jon was provided with a written statement of the evidence relied upon in finding him guilty, *Id.*. (officer's report, defendant "did not refute"), and the reasons for the punishment he received, *Id.* ("to modify defendant's behavior through progressive discipline"). Third, the record shows that Jon was appointed a counsel substitute to assist him with the disciplinary hearing, and was given the opportunity to call witnesses and present documentary evidence. Document No. 18-2 at 3, 8-11. Fourth and finally, the record contains substantial evidence that Jon did possess two hamburger steak patties in a small bag – conduct which Jon does not dispute. Based on the record evidence, Jon was afforded all the process he was due in connection with disciplinary case no. 20140331667.

As for Jon's more particular complaints – that the evidence of his guilt was insufficient, that he received insufficient notice of the charges, and that TDCJ Code 16.0 did not apply to his conduct, and is otherwise unconstitutionally vague – each of these complaints, in the context of the record, do not rise to the level of a federal due process violation.

"[W]here good time credits constitute a protected liberty interest, a decision to revoke such credits must be supported by some evidence." *Hill*, 472 U.S. at 457 (1985); *see also Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001) (holding that only some evidence is required to support findings made in a prison disciplinary proceeding). The some evidence standard is de minimus, and may be met with the information provided in a written incident report. *Hudson v.*

7

*Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001).

Here, there is clear, unrefuted evidence that Jon possessed 2 hamburger steak patties in a small bag. There is also evidence that Jon was not entitled to possess that food for consumption outside of the "chow hall." There is sufficient evidence that Jon engaged in the conduct with which he was charged and found guilty. There is also clear evidence in the record that Jon was provided specific, and particularized notice, prior to the disciplinary hearing, of his conduct which was claimed to violate TDCJ Code 16.0. Jon's real claim in this proceeding, as it was at the disciplinary hearing, is that his admitted conduct did not, and could not, constitute a TDCJ Code 16.0 violation because: (1) the hamburger patties he possessed were provided to him by TDCJ at the Chow Hall, and therefore could not be considered "contraband;" and (2) his possession of the hamburger patties, for later consumption in his cell, was his attempt to meet the religious fasting requirements for Ramadan.

Possession of contraband is a Level 2, Code 16.0 disciplinary offense. For purposes of Code 16.0, "contraband" is defined as:

  a. Any item not allowed when the offender arrived at the TDCJ, not given or assign to an offender by the TDCJ, and not bought by an offender for their use from the commissary;

  b. Any item changed from its original condition if the change jeopardizes institutional safety or security;

  c. Any item, which, in the judgment of TDCJ staff, unreasonably hinders the safe and effective operation of the unit;

  d. Any item possessed in excess of the amount authorized;

  e. Any item received or sent through the mail that is not approved in accordance with TDCJ or facility correspondence rules; and

>    f.  *Anything an offender is not supposed to have, including, but not limited to:*
>
>    (1) Money;
>    (2) Items used for gambling, such as dice and playing cards;
>    (3) Books, magazines, or newspapers that are not approved for an offender to have;
>    (4) Clothes that are not approved for an offender to have; and
>    (5) Handcuffs or other items used for restraining offenders, including keys.

Texas Department of Criminal Justice, Disciplinary Rules and Procedures for Offenders, attachment B, *https://www.tdcj.state.tx.us/search_index.html?q=offender%20handbook* (emphasis added).

Jon is correct that "food" provided by TDCJ to inmates is not specifically listed as contraband. However, the food at issue herein, the two hamburger patties, which were concealed by Jon in a small brown bag in the waistband of his pants, was not allowed outside the Chow Hall. As such, regardless of whether type of contraband at issue herein is specifically delineated as such in TDCJ Code 16.0, Jon knew that *he did not have permission* to have and take that food outside the Chow Hall. Therefore, the disciplinary offense charged, of which Jon was found guilty in disciplinary case no. 20140031667, sufficiently fell within the type of conduct that constitutes possession of contraband under TDCJ Code 16.0. *See e.g., Moore v. Collins*, 47 F.3d 425, *4 (5th Cir. 1995) (rejecting inmate's claim that empty boxes were not contraband based on the broad definition of contraband in TDCJ regulations).

As for Jon's defense to the disciplinary charge – that his possession of the hamburger patties was related to his fasting for Ramadan – Jon has come forth with no authority that would render that excuse a defense to the charge. In addition, Jon himself admitted that his request to participate in Ramadan, presumably including the fasting requirements, was denied by the prison unit's chaplain because the request was made too late *See* Offender's Statement (Document No. 18-2 at 9). So,

9

while sympathetic to the quandary in which Jon found himself related to the observance of Ramadan, his conduct – possession of food for consumption outside the Chow Hall, which was not allowed and for which he had not obtained permission – sufficiently fell within the disciplinary purview of TDCJ Code 16.0.

In all, the record shows that Jon was provided all the process he was due under *Wolff*, and that there was sufficient evidence to support the finding of guilt, sufficient notice of the charge, and a sufficient connection between the evidence and the TDCJ Code 16.0 offense of possession of contraband. No relief is available to him in this § 2254 proceeding.

V.  **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Petitioner Roy Jon's claims are in part unexhausted and procedural barred from review, and that no relief is available on the merits of the remaining claims, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 17) be GRANTED, and that Petitioner's Application and Amended Application for Writ of Habeas Corpus (Document Nos. 1 be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 12th day of August, 2015.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE